UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREELANCER INTERNATIONAL PTY LIMITED,<br><br>          Plaintiff,<br><br>     v.<br><br>JOHN DOE,<br><br>          Defendant. | Case No. 16-cv-07070-JCS<br><br>**ORDER TO SHOW CAUSE WHY MOTION FOR DISCOVERY SHOULD NOT BE DENIED AND CASE SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. Nos. 6, 7 |

## I.   INTRODUCTION

Plaintiff Freelancer International Pty Limited ("Freelancer") initiated the present action against 100 Doe defendants (the "Doe Defendants") on the basis of purported violations of the Computer Fraud and Abuse Act ("CFAA") by these unknown individuals and related state law claims. Because Freelancer is unaware of the true identities and locations of the Doe Defendants, Freelancer brought a motion to seek expedited discovery prior to a Rule 26 conference to obtain subpoenas of the domain name hosts and ISP providers used by these individuals. Freelancer is hereby ORDERED to show cause as to why Freelancer's motion should not be denied and this case should not be dismissed for lack of personal jurisdiction by filing a response not exceeding ten pages no later than February 3, 2017.

The hearing on Freelancer's motion for discovery, previously set for February 3, 2017, is continued to February 17, 2017 at 9:30 AM, at which time the Court will also consider the issues raised in this Order to Show Cause. Freelancer's motion to shorten time (dkt. 7) is DENIED.

## II.   BACKGROUND

All of Freelancer's causes of action stem from the alleged improper use of and access to Freelancer's services in violation of Freelancer's User Agreement. Freelancer alleges the Doe Defendants "posted spam, unsolicited communications, bulk electronic communications on the

Freelancer system and website, advertised external websites, products, and services, and circumvented and manipulated Freelancer's fee structure, the billing process, and fees owed to Freelancer." Compl. (dkt. 1) ¶ 3. Freelancer claims these acts have caused and continue to cause it harm in the form of irreparable harm to consumer goodwill, loss of users, increased strain on computer systems, and irreparable harm to the integrity of the Freelancer platform and reputation, among other things. *Id.* ¶¶ 58–63.

To accomplish these acts, Freelancer alleges the Doe Defendants created over 3500 unique user accounts and circumvented technical safeguards and security measures intended to prevent their repeated improper access. *Id.* ¶¶ 22–27, 43. Freelancer alleges the Doe Defendants accessed its services to spam other users and advertise third-party websites to solicit business outside of the terms of Freelancer's User Agreement and undermine Freelancer's business model. *Id.* ¶ 47–51. Freelancer further alleges the Doe Defendants advertised websites hosted by the San Francisco based domain-hosting service Yola, Inc. ("Yola") on over 8,000 occasions. *Id.* ¶ 48. According to Freelancer, jurisdiction in this district is proper for these claims because "the Doe Defendants have repeatedly, knowingly, and intentionally targeted and accessed Freelancer's system, website, and servers, using Yola, Inc.'s . . . website and servers, which are upon information and belief, partially or completely located in this judicial district, without Freelancer's authorization," and because Yola's Terms of Service include a California forum selection clause. *Id.* ¶¶ 8–9; *see also* Mot. (dkt. 6) at 10–11.

## III.   ORDER TO SHOW CAUSE

For a case to be brought before this Court, the Court must have personal jurisdiction over the defendants in this forum. "Where . . . there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2000). Because Freelancer does not rely on a federal statute for personal jurisdiction, this Court applies California law to determine whether jurisdiction is proper. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.*

Personal jurisdiction "may be founded on either general jurisdiction or specific jurisdiction." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). While general personal jurisdiction exists over defendants who are at home or have such systemic contacts to be "essentially at home" in a given district, specific personal jurisdiction exists only if the allegations themselves are sufficiently connected to a given forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Consent to jurisdiction via a forum selection clause, "absent some compelling and countervailing reason . . . should be honored by the parties and enforced by the courts." *M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1, 12 (1972). Prior to an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2011). In analyzing the sufficiency of these pleadings, the Court must accept a plaintiff's uncontroverted allegations as true. *Id.*

For the reasons articulated below, this Court is concerned about the lack of factual and legal bases for personal jurisdiction over the Doe Defendants. Accordingly, Freelancer is ORDERED to show cause as to why its motion should not be denied and this case should not be dismissed for lack of personal jurisdiction.

### A. General Personal Jurisdiction

General personal jurisdiction exists for individuals or entities when they are residents of a given state or when "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *Goodyear Dunlop Tires*, 564 U.S. at 919). General jurisdiction is "an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801; *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). Simply running a website or utilizing a server physically located in a given forum is not enough to meet this standard. *See Mavrix Photo, Inc.*, 647 F.3d at 1225; *NetApp, Inc. v. Nimble Storage, Inc.*, 41. F. Supp. 3d 816, 826–27 (N.D. Cal 2014); *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1116 (D. Nev. 2013).

Freelancer fails to allege facts warranting general personal jurisdiction over the Doe Defendants. In its complaint, Freelancer offers no indication that the Doe Defendants are residents of California.[1] Instead, Freelancer states "the Doe Defendants have had systematic and continuous contacts with this judicial district" apparently solely on the basis of their creation and advertisement of Yola websites. Compl. ¶ 8. These allegations, when taken as true, do not establish general jurisdiction over the Doe Defendants because they merely allege one contact point in California well below the "essentially at home" threshold. *See Goodyear Dunlop Tires*, 564 U.S. at 919. The Court finds no case law to support a finding of general personal jurisdiction from this limited connection. If Freelancer wishes to claim general personal jurisdiction over the Doe Defendants in this forum it must show cause to that effect.

### B. Specific Personal Jurisdiction

Unlike general personal jurisdiction, which offers a judicial forum to the "home" district of an individual or entity, specific jurisdiction exists over an individual or entity when it "has sufficient 'minimum contacts' with California arising from, or related to, its actions" at issue in the complaint. *Schwarzenegger*, 374 F.3d at 801; *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). The Ninth Circuit has established a three-prong test for analyzing specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802; *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). This Court is particularly concerned with Freelancer's allegations with respect to the first two prongs of this

---

[1] *See* Compl. ¶¶ 6–9, "Jurisdiction and Venue," where Freelancer fails to allege any location or residency information regarding the Doe Defendants.

analysis as detailed below.

### 1. Purposeful Direction & Availment

The first prong of this analysis includes two related but distinct concepts of purposeful direction and purposeful availment. *Schwarzenegger*, 374 F.3d at 802. While purposeful availment generally pertains to suits involving contractual disputes, purposeful direction analysis is better suited for suits involving torts. *Id.* Because Freelancer alleges both tort and contract claims, both purposeful direction and availment are relevant to this Court's analysis. *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1190 (9th Cir. 2004); *NetApp*, 41 F. Supp. 3d at 825.

To establish purposeful direction, a prospective plaintiff must satisfy the three-part "effects" test by sufficiently pleading that a defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Dole Foods Co.*, 303 F.3d at 1111 (interpreting *Calder v. Jones*, 465 U.S. 783 (1984))). Under a purposeful availment analysis, a "showing that the defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Schwarzenegger*, 374 F.3d at 802. "By taking such actions, a defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

With respect to the purposeful direction standard applicable to Freelancer's tort claims, Freelancer does not allege that the Doe Defendants' actions were expressly aimed at or likely to cause harm in California. Freelancer claims this court has jurisdiction over the Doe Defendants because they "targeted their wrongful acts at Freelancer, through Yola, which is headquartered in this judicial district, in San Francisco." Compl. ¶ 8. However, the complaint alleges no facts to indicate, and the motion offers no explanation for how the Court could infer, that the Doe

5

Defendants knowingly caused harm in California.[2]  Instead, Freelancer alleges that the Doe Defendants targeted Freelancer and intended to cause harm to Freelancer by utilizing Yola's websites, with no allegation that Freelancer—the target of the alleged misconduct—was located in California.  This point distinguishes the case at hand from several cases Freelancer cites where a plaintiff's own computer systems were located in the forum where the plaintiff brought suit.  *See* Mot. at 11−12 (citing, *e.g.*, *NetApp*, 41 F. Supp. 3d 816).  Freelancer's factual allegations, when taken as true, do not amount to purposeful direction toward California.

Likewise, Freelancer has failed to allege facts showing that the Doe Defendants purposefully availed themselves of the privilege of operating in California.  In Freelancer's pleadings, it alleges only one connection between its complaint and this forum—that the Doe Defendants posted advertisements directing viewers to websites hosted on Yola's servers, which are alleged to be "partially or completely located" within the Northern District of California.  *See* Compl. ¶ 8.  There are no allegations that the Doe Defendants agreed to or breached the Freelancer User Agreement within California.  More significantly, the alleged connection between the forum-related activities (Yola's hosting of the Doe Defendants' websites) with the alleged wrongdoings (the Doe Defendants' improper use of Freelancer's service to post advertisements) appears to be tenuous at best.  Although Freelancer's complaint includes a conclusory allegation that the Doe Defendants "targeted and accessed Freelancer's system, website, and servers, using [Yola's] website service and servers," *see* Compl. ¶ 8, that statement does not adequately explain what role Yola's servers played in the Doe Defendants' alleged misuse of Freelancer's systems, and the Court is therefore unable to determine whether the Doe Defendants' use of Yola's servers amounts to purposeful availment sufficient to establish jurisdiction.

The Ninth Circuit has consistently held that absent a showing of something more, merely accessing servers or displaying websites in a given forum do not warrant a finding of purposeful availment or specific personal jurisdiction more generally.  *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–20 (9th Cir. 1997); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d

---

[2] In fact, Freelancer makes no allegations of any harm suffered in California whatsoever, whether to Yola, through Yola, or otherwise.

450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."); *see also Doe v. Geller*, 533 F. Supp. 2d 996, 1008–09 (N.D. Cal. 2008) (holding that the server location for YouTube videos does not, without some greater connection to California, warrant specific personal jurisdiction in California). Freelancer is therefore ordered to show cause why the circumstances here meet the standard of purposeful direction or availment.

### 2. Arises out of or Relates to Forum-Related Activities

"The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). This requirement is measured with a "but for" analysis. *Id.*; *see Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995). "The second prong of the specific jurisdiction test is met if 'but for' the contacts between the defendant and the forum state, the cause of action would not have arisen." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *see also Ziegler*, 64 F.3d at 474.

Here, Freelancer alleges "each of the disputes at issue in this action arises out of or relates to the Yola Toolset, the Yola Site, or the Yola Service." Compl. at ¶ 9. However, Freelancer's causes of action all arise out of and relate to the Doe Defendants' posts to Freelancer's website, none of which are alleged to have occurred in or been targeted at California. The only alleged connection to California in Freelancer's pleadings is the physical location of Yola's servers to host the websites that those posts advertised. Freelancer has cited no case law suggesting that this sort of utilization of a website physically located on a server in California, without some other connection to California, is enough to satisfy this second prong of a specific personal jurisdiction analysis.

### C. Forum Selection Clause

In addition to general and specific jurisdiction, a party may consent to jurisdiction in a given forum via a forum selection clause. Where applicable and "absent some compelling and countervailing reason," forum selection clauses should be "honored by the parties and enforced by the courts." *M/S Bremen*, 407 U.S. at 12; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir.

7

2004). Forum selection clauses may be invalid if they are fraudulent or overreaching, or if enforcement would be unjust or unreasonable. *M/S Bremen*, 407 U.S. at 15.

Freelancer alleges "[e]ach of the disputes at issue in this action arises out of or relates to the use of Yola Toolset, the Yola Site, or the Yola Service." Compl. ¶ 9. Accordingly, Freelancer contends, the Doe Defendants should be bound by Yola's Terms of Service Agreement in this matter, "which contains a forum selection clause selecting 'San Francisco county, California being the exclusive jurisdiction and venue of courts in all disputes arising out of or relating to the use of the Yola Toolset, the [Yola] site or the [Yola] service.'" *Id.* As with its specific jurisdiction arguments discussed above, Freelancer offers no factual allegations to support its conclusion that the dispute arises from or relates to use of Yola's services, and does not allege that the Doe Defendants breached Yola's terms of service. The only factual allegations with respect to Yola pertain to advertisement of Yola-hosted websites on Freelancer's services in contravention of Freelancer's User Agreement. Compl. ¶¶ 49, 51. The alleged wrongdoing in Freelancer's Complaint occurs not from the contractual agreement between the Doe Defendants and Yola or through the Doe Defendants' use of Yola's web domain hosting services, but rather from the Doe Defendants' use of *Freelancer's* services in contravention of *Freelancer's* User Agreement—which, unlike Yola's agreement, does not select this Court as a forum for disputes.[3] Freelancer cites no case law or legal theory supporting the enforcement of a third-party forum selection clause by an entity who was not a party to the contract which contained that clause, where there is no allegation that the contract containing that clause was breached. If Freelancer wishes to assert Yola's forum selection clause, it must show cause as to why that clause applies to this dispute.

//
//
//
//

---

[3] To the contrary, Freelancer's User Agreement includes a clause under which the parties submit to "the non-exclusive jurisdiction of the courts of New South Wales, Australia" for any disputes that cannot be resolved through mediation. Olsen Decl. Ex. A (dkt. 6-6) § 47.

## IV. CONCLUSION

For the reasons stated above, Freelancer is ORDERED to show cause as to why its motion should not be denied and this case should not be dismissed due to lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated: January 26, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge